**RAMSAY BROS. STORES CO. v.
UNITED STATES.**

No. 1200.

District Court, E. D. Kansas.

Aug. 5, 1941.

Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., for the Government.

Lang & Lang, of Joplin, Mo., for plaintiff.

HOPKINS, District Judge.

Plaintiff brings this action to recover from defendant taxes levied and assessed under the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq. which in 1936 was declared to be unconstitutional, void and of no effect.

Plaintiff avers that the taxes so paid were paid by him and that no part of the same was ever recovered and that the entire tax burden was borne by plaintiff.

Findings of Fact.

Upon proof offered the court doth find specific findings of fact as follows, to-wit:

1. That the plaintiff is a corporation duly organized and incorporated under and

by virtue of the laws of the State of Kansas.

2. That the purpose of the incorporation of said Ramsay Brothers Stores Company was to engage in the business of selling dry goods, notions, women's ready-to-wear; in short, a general mercantile business.

3. That the defendant is and at all times and dates herein mentioned was a body sovereign and politic.

4. That upon the enactment by Congress of the Agricultural Adjustment Act in the year 1933, which said act levied a tax upon the cotton content and weight of certain grades of merchandise containing cotton, the said plaintiff herein did in accordance with the rules and regulations prescribed by the defendant, take an inventory of the cotton contained in the goods then owned by and in the possession of the said plaintiff, and did return said report to the defendant herein and did pay the tax levied and assessed thereon in the sum of $345.80.

5. That subsequently, to-wit, in January, 1936, the Supreme Court of the United States declared said law under which this said tax had been levied, collected and paid, to be unconstitutional, void and of no effect, and did provide that those taxpayers who had borne the burden of the tax to the extent of which said burden had been borne were entitled to recover from the defendant in the manner prescribed by law. (United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.)

6. Whereupon, plaintiff herein filed within the time prescribed by law its claim for refund of said tax so paid, claiming that it had borne the entire burden of said tax and had not been compensated in any manner for said payment or any part thereof, and did furnish to the defendant such evidence as was available and at its command.

7. Subsequently the said claim was rejected by the Commissioner of Internal Revenue in full.

8. The collector of internal revenue for the district in which the tax was paid, being no longer in office, in accordance with the statutes made and provided, the plaintiff brought suit in the district court of the eastern district of Kansas for the refund of the amount of money, namely, $345.80, being the exact amount of taxes paid to the United States through its collector of revenue, the entire burden of which had been borne by the plaintiff herein. The said cause came on for trial Monday, May 5, 1941, and witnesses were produced and exhibits offered by the plaintiff in proof of his claim.

## Conclusions of Law.

■ 1. Taxes of every kind and description collected by the United States government or its agencies without authority of law are refundable to the party paying the same to the extent that they were deprived of their property by such payments.

■ 2. Monies paid the collector of internal revenue for the district over which he has jurisdiction shall be sued, he being the defendant in said suit, except where the collector to whom the tax was paid is no longer in the employ of the government, the suit is brought direct against the United States of America, the jurisdiction of such suits being the federal court whose jurisdiction comprises the district in which such collections were made.

■ 3. Upon the evidence submitted the tax of $345.80 was paid by virtue of a law afterwards declared to be unconstitutional and void. The burden of said tax having been wholly and fully borne by the plaintiff in this action, all procedures for the recovery of same having been taken and complied with by said plaintiff, the plaintiff is entitled to recover.

## Judgment.

Now, therefore, in view of the premises aforesaid, it is considered, ordered, adjudged and decreed that the said plaintiff do have and recover judgment herein against the said defendant for the sum of three hundred forty-five dollars and eighty cents ($345.80), together with interest on said sum at the rate of six per cent (6%) per annum, from the date of payment, and for the costs of this action.